# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| QUINTON CAGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:19-cv-00604 |
| | ) Judge Trauger |
| ROGER E. NELL, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On July 16, 2019, Quinton Cage, an inmate at the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee, filed a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1), supported by a memorandum of law (Doc. No. 3).

The plaintiff also filed an application for leave to proceed in forma pauperis (Doc. No. 2), which the court denied by order entered August 15, 2019. (Doc. No. 7.) This denial was pursuant to 28 U.S.C. § 1915(g), as at least three of the plaintiff's prior civil actions had been dismissed for failure to state a claim, and his current complaint against his criminal defense attorneys does not allege that he is under imminent danger of serious physical injury. (*Id.* at 1–2.) "In no event" is an inmate allowed to proceed IFP under such circumstances. 28 U.S.C. § 1915(g); *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

The court therefore gave the plaintiff 28 days in which to pay the full filing fee, and warned him that failure to do so would result in the dismissal of his case for want of prosecution and for failure to comply with the court's order. (Doc. No. 7 at 2–3.) To date, well past the 28-day deadline, the plaintiff has failed to pay the filing fee or request an extension of time in which to do so. Instead, Plaintiff filed a "Request for Rule 60 Relief From In Forma Pauperis Denial" (Doc. No.

8), arguing that he should not be required to prepay the entire $400.00 filing fee because his prior complaints merely failed to state a claim, but were not frivolous or malicious (*id.* at 4); alternatively, by attaching the report of a 2017 psychological evaluation (Doc. No. 8-2), the plaintiff appears to argue that he is entitled to an exemption from the filing fee requirement based on his mental illness.

In light of the plaintiff's pro se status, the court construes his "Request for Rule 60 Relief" as a motion to reconsider the application of the "three-strikes" rule of § 1915(g) to his case. That motion is **DENIED**. The plaintiff has not invoked the recognized exception to the three-strikes rule based on physical danger,[1] and his prior dismissals for failure to state a claim plainly qualify as "strikes" under § 1915(g). Moreover, there is no provision for exempting an inmate from the operation of § 1915(g) on grounds of mental illness. *See Banks v. Roberts*, No. 16-CV-720, 2016 WL 3963000, at *1 (E.D. Wis. July 21, 2016) (applying § 1915(g) "[w]ithout regard to [inmate's] mental condition" and despite "allegations in the complaint [that] are clearly delusional"); *Bridgeman v. Peralta*, No. 11-2132 WQH (PCL), 2011 WL 5830427, at *1 (S.D. Cal. Nov. 18, 2011) (denying inmate's motion to reconsider dismissal under § 1915(g); rejecting argument that inmate's mental illness should keep prior dismissals from counting as strikes); *Watley v. Collins*, No. 1:06-cv-794, 2006 WL 3422996, at *1–2 (S.D. Ohio Nov. 28, 2006) (applying § 1915(g) to inmate alleging mental illness).

The plaintiff's failure to pay the filing fee thus requires the dismissal of this action. Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with

---

[1] The plaintiff alleges that "potential imminent danger exists as to [his] person, property, and reputation" due to his unjust incarceration (Doc. No. 8 at 1–2), but he fails to allege any grounds for believing that he was actually in imminent danger of serious physical injury when he filed the complaint, as required to trigger the exception to § 1915(g).

these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal." *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Dismissal of this action is appropriate in view of the plaintiff's fault in failing to comply with the court's order, despite having been warned that such failure could lead to dismissal. *Choate v. Emerton*, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), *report and recommendation adopted*, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018). Dismissal under Rule 41(b) can be either with or without prejudice. In view of the plaintiff's pro se status, as well as the preference for disposing of cases on their merits, the court finds dismissal without prejudice to be the appropriate disposition here. *See id.* (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011)).

Accordingly, this action is **DISMISSED** without prejudice and the $400.00 filing fee is hereby **ASSESSED** against the plaintiff. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002). Payment shall be made as follows:

The warden of the facility in which the plaintiff is currently housed, as custodian of the plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $400.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the DeBerry Special Needs Facility to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

In light of the dismissal of this action, the plaintiff's pending motions (Doc. Nos. 4 & 6) are **DENIED** as moot.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge